## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GORDON ROY PARKER** | : | **CIVIL ACTION NO. 02-cv-567** |
| **Plaintiff,** | : | |
| **vs.** | : | |
| | : | |
| **UNIVERSITY OF PENNSYLVANIA** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

## O R D E R

AND NOW this _____ day of _____, 2003, upon consideration of Defendant University of Pennsylvania's response to plaintiff's Motion for Summary Judgment and any response thereto, it is hereby ORDERED and DECREED that Plaintiff's Motion for Summary Judgment is DENIED.

**BY THE COURT:**

_____
Honorable Anita B. Brody, J.

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GORDON ROY PARKER** | : | **CIVIL ACTION NO. 02-cv-567** |
| **Plaintiff,** | : | |
| **vs.** | : | |
| | : | |
| **UNIVERSITY OF PENNSYLVANIA** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

## PENN'S RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

It is evident that, while he has a strong dislike for much of what Penn stands for, plaintiff longs to be a Penn employee, for its superior salary and benefit structure. His motion for summary judgment appears, on first reading to be frivolous. On closer analysis, more so.[1] Penn incorporates its Motion and Memorandum as part of this response, and provides some additional response to what plaintiff has filed.

For the most part, plaintiff's memorandum is a broad rambling attack on affirmative action generally.[2] Plaintiff clings to the belief that he can state a cause of action simply because he is an "angry white male(secretary)"[3] with the perception – which differs markedly from the reality – of Penn's affirmative action policy as illegal. Thus, in his statement of both his race and gender claims (Par.4-5 of his motion), he relies solely on his reading of the affirmative action plan, with not even a hint of a nexus between the plan and the fate of his resume. He

---

[1] The Court is faced with cross-motions at this stage. Penn's Memorandum in support of its Motion for Summary Judgment is incorporated herein by reference.

[2] Id., pp.9-40.

[3] Memorandum in support of plaintiff's motion for partial summary judgment, p.1

acknowledges this himself, in different language, when he summarizes his claim of being the victim of an adverse employment action:

> It should be clear to anyone at this point that "Penn" does not wish to employ Plaintiff, has not attempted to employ Plaintiff, and that no individual hiring manager within "Penn" has not[sic?][4] hired Plaintiff...[5]

Plaintiff's claim that the affirmative action plan has a disparate impact is not a claim there was such an impact on him. In order to prevail on his disparate impact claim, Parker must establish that Penn did not hire him because of its affirmative action plan, and that the plan violates Title VII. 42 U.S.C. § 2000e-2(k)(1)(A)(1); Wards Cove Packing Co., Inc. v. Atonio, 490 U.S. 642 (1989); EEOC v. Metal Serv. Co., 892 F.2d 341, 346 (3d Cir. 1990). In a disparate impact case the plaintiff must show that the defendant "uses a particular employment practice ..." 42 U.S.C. § 2000e-(k)(1)(A)(i). (emphasis added).

Here, there was no "use." Plaintiff's own admissions show that the affirmative action plan was not the reason for Penn not having hired him. Rather, Plaintiff was not considered for any position because he did not apply for any. (Penn's Memorandum in Support of its Motion for Summary Judgment at Exhibit 2, ¶ 6 and Exhibit 5, ¶¶ 28, 30). Thus, Penn's affirmative action plan played no role in Penn's employment action (actually, inaction). Therefore, Penn did not "use a particular employment practice that cause[d] a disparate impact..." 42 U.S.C. § 2000e-(k)(1)(A)(i). Thus, the adverse impact claim relating to Penn's affirmative action plan fails as a matter of law.

---

[4]  Either 1) this is a typo, or 2) plaintiff intended to acknowledge here that he understands that he was not "rejected" during the relevant time period.

[5]  Id., p. 8, Par. 2.

2

Plaintiff's retaliation claim is likewise predictable, based on his prior actions in this case, and in other courtrooms. His stated bases for the retaliation claim are:

1.  Penn sought and received an order from this court requiring him to submit to a psychiatric examination;[6]

2.  Penn defended a subpoena in another case, which was ultimately dismissed because of his failure to prosecute;[7] and

3.  There was unspecified retaliation by unnamed persons within the Medical Center and Center for Technology Transfer.[8]

In addition, he seems to offer – almost as an aside – that an employee in the Office of Affirmative Action stated the following in a message to the director:

> Mr. Parker's demeanor has caused me concern.  In my every conversation with him, his tone is very angry, he talks at length, and at times his statements do not make sense.[9]

It should now be apparent to this court that the message taker's observations were not irrational or misplaced.  In any event, as set forth in Penn's motion, there is no link between the message – it was not a factor – and the fate of plaintiff's resume.

These retaliation claims fail.  This Court has already ruled that the order for psychiatric evaluation was proper.  Plaintiff alleges no nexus between the fate of his resume and the subsequent "Wintermute" litigation.  There are no facts whatsoever supporting the unnamed, unspecified retaliation.

---

[6] Id., p.4, Par. 8.a. and d.; and pp. 52-4.

[7] Id., par. 8.b., and pp. 40-50.

[8] Id.,8.c.

3

928502v2

**CONCLUSION**

For all of the foregoing reasons, Penn respectfully requests that the Court deny Parker's

for Motion for Partial Summary Judgment and grant Penn's Motion for Summary Judgment.

Date:   June 16, 2003

John M. Myers (Pa. Id. No. 16642)
Crystal D. Deazle (Pa. Id. No. 87901)

MONTGOMERY, McCRACKEN,
   WALKER & RHOADS, LLP
123 South Broad Street
Philadelphia, PA  19109
Telephone No.:        (215) 772-1500
Facsimile No.:        (215) 772-7620

Attorneys for Defendant
UNIVERSITY OF PENNSYLVANIA

---

[9] Id., p. 51.

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Response of Defendant University of Pennsylvania to Plaintiff's Motion for Summary Judgment was served by way of First Class Mail, postage prepaid, on this 16th day of June, 2003 upon:

        Gordon Roy Parker
        4247 Locust Street, #806
        Philadelphia, PA  19104

        *Pro Se Plaintiff*

        John M. Myers