IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Gordon Roy Parker | : | |
| Plaintiff | : | |
| v. | : | NO. 02-CV-567 |
| University of Pennsylvania | : | |
| Defendant | : | |

## AMENDED ORDER

**AND NOW**, this      day of June 2003, upon consideration of the Motion of the Defendant University of Pennsylvania for Sanctions (Docket Entry #27), and the Plaintiff's response thereto, and as stated on the record in the telephone conference on May 21, 2003, it is **ORDERED** that:

(1) Count IV of the Plaintiff's Amended Complaint is **DISMISSED WITH PREJUDICE**;

(2) The Plaintiff is barred from submission of any evidence at trial relating to the following:

    (a) Plaintiff's past or current mental status, including his allegation that he is bipolar;

(b) Whether reasonable accommodations should have been made for Plaintiff in light of Plaintiff's past or present mental condition;

(c) Any allegation of emotional distress;

(d) Any other matter to which Plaintiff's past or present mental condition could be relevant;

(3) Within fourteen days of the entry of this order, the plaintiff shall: (a) reimburse the defendant for the "missed appointment fee," in the amount of four hundred and eighty dollars ($480.00); and (b) pay to the defendant attorney's fees and costs in the amount of five hundred and twenty dollars ($520.00) incurred by the defendant in preparing and filing the defendant's motion for sanctions.[1]

---

[1] Under Fed. R. Civ. P. 37(b)(2) a court may impose sanctions on a party for that party's failure to obey an order of the court. More specifically, "a court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2). This rule provides a court with broad discretion to make whatever disposition is just in light of the facts of the particular case. 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2284 (2d ed. 1994).

A moving party may recover expenses incurred in preparing a motion for sanctions. See Martin v. Brown, 63 F.3d 1252 (3d Cir. 1995). The amount of monetary damages must be "specifically related" to the expenses incurred as a result of the violations. Id. at 1264 n.15.

The plaintiff Parker refused to obey the court's April 21, 2003 order that he submit to an independent medical examination. The defendant incurred a $480.00 missed appointment fee from Wolfram Rieger, M.D. for plaintiff's April 9, 2003, unkept and uncancelled appointment for a comprehensive psychiatric examination. The defendant has also submitted a summary of costs incurred in preparing its motion for sanctions in the amount of $3,519.45. The plaintiff has not provided any justification for his refusal to obey the court's order, nor are there any circumstances that make an award of expenses unjust.

If the plaintiff refuses to obey this order of the court, his case against the defendant may be dismissed. See Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 866 (1984) (recognizing that dismissal is a drastic sanction that is appropriate where "there is a clear record of delay or

(4) The Motion of the Plaintiff for Reconsideration of the Court's Order dated May 21, 2003 (Docket Entry #40) is **DENIED**.

---

ANITA B. BRODY, J.

Copies **FAXED** on _____ to:        Copies **MAILED** on _____ to:

---

contumacious conduct by the plaintiff").