IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GORDON ROY PARKER** | : | **CIVIL ACTION NO. 02-cv-567** |
| Plaintiff, | : | |
| vs. | : | |
| **UNIVERSITY OF PENNSYLVANIA** | : | |
| Defendant. | : | |

## PENN'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS PENDING MOTION FOR SUMMARY JUDGMENT

Penn's pending Motion for Summary Judgment is based on the fact that the Plaintiff has brought this discrimination claim without ever having applied for a job. Thus far, Plaintiff has attempted to contest this fact by circumlocution, while unable to state that, in fact, he did apply for a job.

In the state court Libel action he filed over a news account of this discrimination case, his sworn testimony leaves no doubt that it is clear, even to him, that he did not apply for a job prior to commencing his claim:

> Q.  ...You did not indicate preference for any job category when you submitted your resume to the University of Pennsylvania, did you?
>
> A.  At that time, no. (p.29: Ln.12-15)
>
> **********
>
> Q.  For many of the clerical positions for which you have testified you expressed interest, you could have clicked and applied for a job, couldn't you have?
>
> A.  I could have, yes.

Q. And you did not in July of 2001; correct?

A. At that time, no, I did not. (p.31: Ln.6-12)

All of the pages of the trial transcript dealing with the issue of his failure to apply for a position are attached as Exhibit "A".

Accordingly, the Court should grant Penn's Motion for Summary Judgment and dismiss this action.

Date: September 11, 2003

_____
John M. Myers (Pa. Id. No. 16642)

MONTGOMERY, McCRACKEN,
  WALKER & RHOADS, LLP
123 South Broad Street
Philadelphia, PA  19109
Telephone No.:   (215) 772-7535
Facsimile No.:   (215) 772-7620

Attorneys for Defendant
UNIVERSITY OF PENNSYLVANIA

# EXHIBIT "A"

1

```
              IN THE COURT OF COMMON PLEAS

         FIRST JUDICIAL DISTRICT OF PENNSYLVANIA

                    CIVIL TRIAL DIVISION

                         - - - - -

GORDON ROY PARKER                  :  SEPTEMBER TERM, 2002
                                   :
         vs.                       :
                                   :
ERIC TILLES, THE DAILY             :
PENNSYLVANIAN, and CHRISTINA       :
YANG                               :  NO. 1068

                         - - - - -

                     August 25, 2003

                         - - - - -

                  Room 475, City Hall
                Philadelphia, Pennsylvania

                         - - - - -

     BEFORE:  HONORABLE ALFRED J. DIBONA, JR., J.

                         - - - - -

APPEARANCES:

         GORDON ROY PARKER
         Pro Se

         JOHN M. MYERS, Esquire
         JONATHAN PYLE, Esquire
         Attorneys for Defendant,
         Eric Tilles, Esquire

         JEANETTE MELENDEZ BEAD, Esquire
         Attorney for Defendant,
         The Daily Pennsylvanian

                         - - - - -

                      WAIVER TRIAL
```

MEG CLARK, RMR
OFFICIAL COURT REPORTER

1   MR. MYERS: Wait until the Judge
2   gets it.
3   THE COURT: I will follow along as
4   I do with juries.
5   MR. MYERS: Very well.
6   BY MR. MYERS:
7   Q.   Mr. Parker, exhibit 15 is the resume that
8   you submitted to the University of Pennsylvania in
9   2001; is that correct?
10  A.   Correct.
11  Q.   Will you look at the top, the very first
12  line. You did not indicate preference for any job
13  category when you submitted your resume to the
14  University of Pennsylvania, did you?
15  A.   At that time, no.
16  Q.   You did not apply for any specific position
17  at the University of Pennsylvania when you
18  submitted your resume, did you?
19  A.   I applied for general consideration for the
20  employment at Penn and did not submit for specific
21  positions, correct.
22  Q.   So you submitted for no specific position
23  and no specific job category; correct?
24  A.   No. I submitted for administrative. It is
25  obvious from my resume that it is administrative.

```
 1   Q.    Mr. Parker, would you look at exhibit 15.
 2   A.    Yes.
 3   Q.    The very first line says "Preferred Job
 4   Category." What did you put? Answer: "Other,"
 5   isn't it?
 6   A.    I can't state that I put that. I can state
 7   that it says that.
 8   Q.    You didn't put anything different from that
 9   in the searchable form that Penn provided, did
10   you?
11   A.    I do not see the searchable form here, so I
12   could not answer that question.
13   Q.    Well, you know that you didn't.
14   A.    I don't know. I don't know. I don't have a
15   copy of the form handy. If you have one, I would
16   like to review it.
17   Q.    When you went to the Penn Web site, you were
18   able to search all existing open positions; is
19   that correct?
20   A.    I was able to search a listing of positions
21   which were open. Whether or not they are all of
22   them, I could not --
23   Q.    For each of those open positions, with a
24   click you could have applied for that particular
25   position, couldn't you have?
```

1  A. No, that is not correct.
2  Q. You couldn't click on the item and apply for
3  the job with your resume?
4  A. Sometimes you can, sometimes you cannot.
5  That is not always the case on the Penn Web site.
6  Q. For many of the clerical positions for which
7  you have testified you expressed interest, you
8  could have clicked and applied for a job, couldn't
9  you have?
10 A. I could have, yes.
11 Q. And you did not in July of 2001; correct?
12 A. At that time, no, I did not.
13 Q. Would you turn to your exhibit M.
14 A. Hold on.
15 Q. Your exhibit M.
16 A. Do you have all of it here? Exhibit M.
17 Q. They are in the binder. Do you have it?
18 A. It is tough to find in the binder. I have
19 it here, however.
20 Q. You recognize exhibit M as a page from the
21 Penn human resources Web site that you had
22 previously seen; correct?
23 A. Correct.
24 Q. Now, you just testified that the Web site
25 told you that your resume would go to people for

1   the kind of jobs you were interested in or
2   something like that; right?
3   A.   What I was -- what I said was, it says, "In
4   addition you may be considered for any position
5   for which you are qualified."
6   Q.   Let's read that sentence to be sure the
7   Judge gets it right.  Tell me if I read it right.
8   "Recruiters search the resume data base and
9   forward your resumes to the hiring officers for
10  positions you have expressed interest in if you
11  meet the minimum qualifications."  That's what the
12  Web site says; correct?
13  A.   Correct.
14  Q.   And we just went over that in terms of the
15  then open positions, you did not express specific
16  interest in any of those positions at that time;
17  correct?
18  A.   I expressed categorical interest.
19  Q.   Categorical interest in the job category
20  "Other"; correct?
21  A.   "Other" meaning not one specific, because I
22  have multiple skills, namely, secretarial,
23  administrative, tech support, et cetera.
24  Q.   Now, you do agree with me, don't you, that
25  it has been Penn's position in the federal case

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Supplemental Memorandum in support of the Pending Motion for Summary Judgment of Defendant University of Pennsylvania was served by way of First Class Mail, postage prepaid, on this 11th day of September, 2003 upon:

> Gordon Roy Parker
> 4247 Locust Street, #806
> Philadelphia, PA  19104
>
> *Pro Se Plaintiff*

_____
John M. Myers