IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GORDON ROY PARKER, | : | |
| Plaintiff | : | CASE NO.: 02-cv-567 |
| v. | : | |
| UNIVERSITY OF PENNSYLVANIA, a Pennsylvania nonprofit corporation, | : | |
| Defendant. | : | |

**ORDER**

**AND NOW**, this _____ day of _____, 2004, upon consideration of Plaintiff's Motion to Compel Discovery and Penn's response thereto, it is hereby ORDERED that the Motion is DENIED.

**BY THE COURT:**

_____
Honorable Anita B. Brody, J.

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

GORDON ROY PARKER, :
:
Plaintiff : CASE NO.: 02-cv-567
:
v. :
:
UNIVERSITY OF PENNSYLVANIA, a :
Pennsylvania nonprofit corporation, :
:
Defendant. :

## PENN'S OPPOSITION TO
## PLAINTIFF'S MOTION TO COMPEL

Defendant University of Pennsylvania ("Penn") hereby responds to plaintiff's motion to compel discovery:

**Plaintiff's Third Set of Interrogatories**

1.-3.   Denied.

4.   No responsive pleading necessary.

5.   Penn has no knowledge of what plaintiff means by "Plaintiff's records" or what "Plaintiff's records" show. To the extent a responsive pleading is required, the statement in Interrogatory 5 that Penn's answer "conflicts with Plaintiff's records" is denied.

6.-14.   Denied.

**Plaintiff's Fifth Request For Production Of Documents**

1.-3.   Denied.

### Plaintiff's Second Set Of Requests For Admissions

1. Penn has no knowledge of what plaintiff means by "Plaintiff's records" or what "Plaintiff's records" show. To the extent a responsive pleading is required, the statement in Request For Admission 1 that Penn's answer "conflicts with Plaintiff's records" is denied.

2. No responsive pleading necessary.

3.-4. Denied. Penn notes that plaintiff moves to compel answers to these requests for admission despite Penn having answered them.

5. No responsive pleading necessary.

6. Denied. Penn notes that plaintiff again moves to compel an answer to a request for admission despite Penn having answered it.

7. Denied.

8.-10. Denied. Penn notes that plaintiff yet again moves to compel answers to requests for admission despite Penn having answered them.

11. Denied.

The University has provided all relevant and discoverable information. Parker's attempt to gain irrelevant and inadmissible information and to overburden Penn with mountains of discovery obligations is disingenuous and in bad faith.

WHEREFORE, for the reasons set forth in the attached Memorandum, Penn respectfully moves that the Court deny the motion.

Respectfully submitted,

Date:   April 29, 2004

*Jonathan H. Pyle*

John M. Myers (Pa. Id. No. 16642)
Jonathan H. Pyle (Pa. Id. No. 89887)
Montgomery, McCracken, Walker &
   Rhoads, LLP
123 South Broad Street
Philadelphia, PA  19109
(215) 772-1500

Attorneys for Defendant
University of Pennsylvania

## CERTIFICATE OF SERVICE

I, Jonathan H. Pyle, do hereby certify that on the 29th day of April, 2004, I caused a true and correct copy of the foregoing Penn's Opposition To Plaintiff's Motion To Compel to be served via U.S. First Class Mail, postage prepaid, upon the following individual at the address indicated:

>Gordon Roy Parker
>4247 Locust Street, #806
>Philadelphia, PA  19104
>
>*Pro Se Plaintiff*

_____
Jonathan H. Pyle

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

GORDON ROY PARKER,

    Plaintiff

v.

UNIVERSITY OF PENNSYLVANIA, a
Pennsylvania nonprofit corporation,

    Defendant.

CASE NO.: 02-cv-567

## PENN'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

Defendant, University of Pennsylvania, submits this memorandum in support of its opposition to plaintiff's motion to compel.

## I. INTRODUCTION

This is plaintiff's third motion to compel discovery. His first and second motions to compel were denied by this Court on November 3, 2003. Not much has changed since the last two motions to compel. In his third motion to compel, plaintiff seeks broad discovery as to:

- Plaintiff's newly alleged submission of his resume to the Health System by fax on July 17, 2001;
- Penn's policies with respect to faxed resumes;
- Penn's policies with respect to help-wanted advertising;
- All publications in when Penn placed help-wanted advertisements;
- All open staff positions at Penn;
- Identities of applicants for those open staff positions;
- Penn's affirmative action policies;

- Penn's provision of benefits to terminated employees;
- Demographic information about Penn undergraduates; and
- Unrelated prior legal actions involving Penn.

Though all of this is completely irrelevant to the case, Penn has endeavored to answer plaintiff's discovery requests to the extent it is not burdensome to do so.

Despite having filed three sets of interrogatories, five sets of document requests, and two set of requests for admission, plaintiff still has not asked about the real issue in this case: the fate of his resume when he posted it to the Penn web site in 2001 without applying for a position. He has had the answer, however, for quite some time.

Plaintiff now asks about the alleged submission of his resume to the Health Center by fax on July 17, 2001, a submission that plaintiff failed to mention in either his original or amended complaints or at any time before now. Notwithstanding the fact that this resume submission is irrelevant to this case, Penn has fully answered plaintiff's discovery requests on that issue. It has no record of having received plaintiff's resume and has supplied a document evidencing this.

Though Penn has provided all information relevant to this case and more, plaintiff persists in filing yet another motion to compel production of irrelevant information. His motion should be denied.

## II.   FACTUAL ALLEGATIONS

This action alleges employment discrimination based on race, gender, retaliation and disability. The allegations in the Amended Complaint are based on the fact that the University did not hire Parker for an administrative position in July 2001.

III.  **ARGUMENT**

    A.  **Legal Standard**

Resolving discovery disputes is the responsibility of the district court. *See Katz v. Verizon Communications, Inc.*, No. Civ.A. 01-5627, 2002 WL 31356302, at *1 (E.D. Pa. Oct. 16, 2002). "For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." *See id.*; Fed. R. Civ. P. 26(b)(1). While the scope of discovery under this rule is broad, it is far from unlimited. *See Katz*, 2002 WL 31356302, at *1. The rule requires the district court, when considering a motion to compel, to determine whether the material sought is relevant to the "subject matter of the litigation." *See id.* (citing *United Steelworkers of Am. v. Allegheny Ludlum Corp.*, 2002 WL 31002836 (W.D. Pa. 2002)). The court must prevent discovery from being used as a fishing expedition. *See id.*

In addition to limiting discovery to material relevant to the subject matter of the litigation, Rule 26 provides for further limitations. A court may limit discovery when it is "obtainable from some other source that is more convenient, less burdensome or less expensive." *See id.*; Fed. R. Civ. P. 26(b)(2). In addition, discovery should not be allowed when "the burden or expense of the proposed discovery outweighs its likely benefits." *See Katz*, 2002 WL 31356302, at *1 (citing Fed. R. Civ. P. 26(b)(2) (2000)).

    B.  **The Scope Of Discovery Is Limited To Issues Regarding Plaintiff's On-Line Resume Submission**

The Court has allowed Plaintiff only to "seek further discovery related to the fate of his resume when it was submitted to Penn in July, 2001." Explanation and Order, Nov. 3, 2003 ("Nov. 3, 2003 Order"), at 7. For example, "information related to Penn employees and affirmative action" is irrelevant and not discoverable. *Id.* at 7 n.5. The Court also denied his pending motions to compel, finding:

> Neither of plaintiff's outstanding motions to compel request information that would assist him in meeting his burden of showing that defendant's stated reason for failing to hire him is pretextual. One of these motions seeks a broad array of information related to Penn employees and affirmative action at Penn (Docket #26), and the other seeks information related to alleged gender disparities at Penn (Docket #34). The first motion is denied because it seeks irrelevant information. The second motion is denied because I am dismissing plaintiff's gender discrimination claim and the motion requests information beyond the scope of discovery.

Nov. 3, 2003 Order at 7 n.5.

Plaintiff asserts that:

> This Court's order of November 3, 2003 limiting discovery was based on the dismissal of Plaintiff's gender discrimination claims (the Court said the discovery was moot since the claim had been dismissed). Since that claim was reinstated, any related discovery should also be permitted.

Pl.'s Mot. at 2. Plaintiff misread the Court's November 3, 2003 Order. The Court dismissed plaintiff's second motion to compel on the ground that it sought discovery with respect to gender disparities at Penn and on the ground that "I am dismissing the gender discrimination claim and the motion requests information beyond the scope of discovery." Nov. 3, 2003 Order at 7, n.5. The Court dismissed plaintiff's first motion to compel because the motion sought "irrelevant information" regarding "Penn employees and affirmative action," not for any reason related to the dismissal of the gender discrimination claim. *Id.* The Court's subsequent reconsideration of its order dismissing the gender discrimination claim did not affect the Court's ruling on the scope of discovery.[1]

---

[1] Only one of plaintiff's discovery requests, Interrogatory 12, seeks information on gender disparities at Penn. This interrogatory is irrelevant for reasons independent of the Court's November 3, 2003 order.

-4-

### C. Plaintiffs's Discovery Requests Are Irrelevant And/Or Beyond The Scope Of Discovery

#### 1. Plaintiff's Third Set Of Interrogatories

*Interrogatory 1*

Plaintiff seeks lists of the media in which Penn published help-wanted advertisements in 2001. Penn objected to but also answered the interrogatory with respect to clerical positions. Without stating what more he desires, plaintiff has asked the court to compel discovery, asserting that the interrogatory is "relevant to the issue of proving that Penn's stated reason for not hiring Plaintiff was that he did not apply for a specific job, and Penn's claim that the only way to apply for work at Penn is through its HR database." Pl.'s Mot. at 2. The media in which Penn advertises are not relevant to plaintiff's resume or any of plaintiff's claims.

*Interrogatory 2*

Plaintiff seeks a list of all open staff positions in 2001 involving Dianne Hannah-Wilson, who headed the Health System's human resources department at the time. Plaintiff asserts that this interrogatory is relevant to "the issue of Plaintiff's faxed resume to the UPenn medical center on July 17, 2001 and how resumes faxed to the recruiting director are processed." On the contrary, a list of open staff positions is not relevant to those matters, which Penn addressed in its responses to interrogatories 4 and 5.

*Interrogatory 3*

Plaintiff seeks information concerning Penn's advertisement of open staff positions. Penn objected to but also answered the interrogatory with respect to clerical positions. In his motion plaintiff attempts to substitute two different interrogatories in place of this one, raising new issues of departmental advertising and plaintiff's alleged application in 2002 for a job in Penn's Office of General Counsel. This is an improper attempt by plaintiff to submit additional

interrogatories after the close of discovery under the guise of a motion to compel. Regardless, this information is irrelevant. Whether or not departments placed job advertisements, and whether or not plaintiff applied for a job in 2002 with the General Counsel of an entity he was suing, the fact remains that plaintiff submitted his resume to Penn in 2001 without applying for a job.

*Interrogatory 6*

Plaintiff seeks a list of all people who faxed their resume to the Health System in 2001 and information on whether they were hired. Even if Penn had this information, Penn would be ill advised to share the names of these people with plaintiff, as plaintiff might serve subpoenas on these individuals and attempt to involve them in this litigation, to no productive end. Though the issue of faxed resumes is irrelevant to this case, Penn has responded to plaintiff's discovery by describing its policies with respect to faxed resumes and informing plaintiff that the Health System has no record of ever receiving his resume in July 2001. That information should suffice. The specific experiences of other people who faxed their resumes is not relevant to this issues in this case.

*Interrogatory 7*

Plaintiff seeks a list of all applicants for all clerical positions in the Health System, as well as information on salaries and hiring officers. Penn would be ill advised to share the names of job applicants with plaintiff, for the reasons explained above. Regardless, the discovery plaintiff seeks is irrelevant. Penn has never disputed that in 2001 many clerical positions became open, that many people applied for those positions, and many people were hired for those positions, in both the University and the Health System. Plaintiff, who submitted his resume to the University web site without indicating the positions for which he wished to apply, was not

considered for these clerical positions, while qualified applicants who did indicate particular positions where considered for the positions they indicated.

*Interrogatories 8-9*

Plaintiff seeks information regarding "special effort searches" pursuant to Penn's affirmative action policies. Even though this information is part of the "broad array of information related to Penn employees and affirmative action at Penn" that this Court has ruled is not discoverable, Nov. 3, 2003 Order at 7 n.5, Penn fully answered this interrogatory, stating that no "special effort searches" were conducted during this time. Plaintiff nevertheless moves to compel an answer to this interrogatory.

*Interrogatory 10*

Plaintiff seeks information regarding Penn's support services for employees whose jobs have been terminated, on the grounds that this information is relevant to "the issue of pretext" and to proving a bias toward "incumbency." Such information bears no conceivable relation to "the issue of pretext" and is otherwise utterly irrelevant to the allegations in plaintiff's complaint. Even if Penn did hold a "bias" in favor of "incumbent" employees, plaintiff did not include a claim for "incumbency" discrimination in his complaint, if such a claim even exists.

*Interrogatory 11*

Plaintiff seeks an explanation from Penn regarding "why Penn's decision . . . not to alter its affirmative action policy, once confronted with Plaintiff's position that it is **both a violation of** Title VII and the Equal Protection Clause . . . should not be construed as a **conscious decision by** Penn to endorse this policy despite any objections to it raised by Plaintiff." This **argumentative** and otherwise nonsensical interrogatory seeks further information related to **Penn's affirmative**

action policy, which is beyond the scope of discovery. Nov. 3, 2003 Order at 7 n.5. Furthermore, Penn has already produced its affirmative action policy to plaintiff.

*Interrogatory 12*

Plaintiff seeks the "percentage of women and each minority who are currently undergraduate students at Penn," on the grounds that the information is allegedly relevant to plaintiff's affirmative action and gender discrimination claims. Plaintiff has already had his chance to take discovery relating to these claims. Now, he may only seek discovery "related to the fate of his resume when it was submitted to Penn in July, 2001." Nov. 3, 2003 Order at 7. This interrogatory is another of plaintiff's attempts to conduct a fishing expedition outside the scope of discovery. Furthermore, the demographics of the undergraduates at Penn are not relevant to any claim of employment discrimination at Penn.

*Interrogatory 13*

Plaintiff seeks information regarding a lawsuit called *Le v. University of Pennsylvania* on the grounds that this information "is relevant to how Penn reacts when a discrimination claim is initiated." Plaintiff may only seek discovery "related to the fate of his resume when it was submitted to Penn in July, 2001." Nov. 3, 2003 Order at 7. This interrogatory is yet another of plaintiff's attempts to conduct a fishing expedition outside the scope of discovery. Furthermore, information on past legal actions is irrelevant to all of the issues in this case.

*Interrogatory 14*

Plaintiff seeks information on Penn's "serious and imaginative" outreach efforts pursuant to the Affirmative Action policy. The information plaintiff seeks is part of the "broad array of information related to Penn employees and affirmative action at Penn" that this Court has ruled is not discoverable, Nov. 3, 2003 Order at 7 n.5. Plaintiff may only seek discovery "related to

the fate of his resume when it was submitted to Penn in July, 2001." *Id.* at 7. Furthermore, information on "outreach steps" is not relevant to any of the issues in this case.

2. **Plaintiff's Fifth Request For Production Of Documents**

*Document Request 1*

Plaintiff seeks documents pertaining to the handling of faxed resumes at Penn. Though plaintiff's allegation that he faxed his resume to the Health Center in July 2001 is irrelevant, Penn searched for documents pertaining to the handling of faxed resumes, found none, and informed plaintiff that no such documents could be found.

*Document Request 2*

This document request seeks "all documents relevant to or referenced by Plaintiff's Third Set of Interrogatories and Plaintiff's Second Set Of Requests For Admission." Penn provided a document showing a search for his name in the Health System's database. This search produced zero results, indicating that Penn has no record of plaintiff's resume being faxed to the Health System on or around July 17, 2001. In declining to produce other documents related to plaintiff's interrogatories and requests for admission, Penn stands on the objections it made in its discovery responses and on the arguments made elsewhere in this memorandum.

*Document Request 3*

Plaintiff seeks documents pertaining to "special effort searches" under Penn's Affirmative Action policy. This information is part of the "broad array of information related to Penn employees and affirmative action at Penn" that this Court has ruled is not discoverable, Nov. 3, 2003 Order at 7 n.5. Plaintiff may only seek discovery "related to the fate of his resume when it was submitted to Penn in July, 2001." *Id.* at 7. In any case, the issue of "special effort searches" is irrelevant because, as Penn stated in its response to plaintiff's interrogatories on this

issue, no "special effort searches" have been conducted in the relevant time period. Finally, Penn has already produced its Affirmative Action policy.

### 3. Plaintiff's Second Set Of Requests For Admission

*Request For Admission 1*

Plaintiff asks Penn to admit that plaintiff faxed his resume to a particular office at the Health System on a particular date. Penn searched the Health System's computer database for any record of a job application by plaintiff on or around the date in question, and found no such record. Penn therefore denied the request.

*Request For Admission 3*

Plaintiff asks Penn to admit that it placed at least one help-wanted advertisement in a local newspaper. Penn admitted this was true. Plaintiff nevertheless moves to compel an answer to this request.

*Request For Admission 4*

Plaintiff asks Penn to admit that it placed at least one help-wanted advertisement on http://www.monster.com. Penn admitted this was true. Plaintiff nevertheless moves to compel an answer to this request.

*Request For Admission 6*

Plaintiff asks Penn to admit that its 2002 Affirmative Action Plan includes particular quoted paragraphs. These paragraphs were taken from a document which Penn produced in discovery and labeled UP00952. Penn admitted the quotation was accurate. Plaintiff nevertheless moves to compel an answer to this request.

*Request For Admission 7*

Plaintiff asks Penn to admit that the quotation in Request For Admission 6 "reflect[s] a policy that is not mandated by OFCCP regulations." Penn did not answer this request because it calls for a statement of law.

*Request For Admission 8*

Plaintiff asks Penn to admit that the Office of Affirmative Action at Penn "became aware of [plaintiff's] concerns regarding Penn's Affirmative Action policies" after Plaintiff allegedly sent a fax to the OAA on July 27, 2001. Penn admitted that the OAA was aware of plaintiff's complaints regarding Penn's affirmative action policies. Plaintiff nevertheless moves to compel an answer to this request.

*Request For Admission 9*

Plaintiff asks Penn to admit that it could have altered its affirmative action policy in response to plaintiff's concerns. Penn admitted that "within certain legal limitations, Penn is able to revise its affirmative action policies." Plaintiff nevertheless moves to compel an answer to this request.

*Request For Admission 10*

Plaintiff asks Penn to admit that it never contacted plaintiff to address his concerns with the affirmative action policy. Penn did so. Plaintiff nevertheless moves to compel an answer to this request.

*Request For Admission 11*

Plaintiff asks Penn to admit that it once paid a $10 million fine to the United States. Plaintiff contends that this admission is "relevant to Penn's character and the character of its officers (most of whom hire secretaries), and Plaintiff's retaliation claim, as well as the issue of pretext." This request is frivolous and thus warrants no response.

## IV. CONCLUSION

Plaintiff's interrogatories, document requests and requests for admission are wholly unrelated to the allegations contained in the Amended Complaint. The discovery seeks information about matters unrelated to the question of whether Penn's decision not to hire the plaintiff was discriminatory. In addition, many of the complaints are beyond the scope of discovery as determined by the Nov. 3, 2003 Order. Moreover, the discovery sought is not reasonably calculated to lead to relevant information.

Plaintiff's discovery requests are nothing more than an attempt to engage in a fishing expedition and to inquire into matters unrelated to the allegations raised by the complaint. Earlier in this case, plaintiff used discovery to try to obtain from Penn information relating to unrelated lawsuits plaintiff has brought against people he meets on the Internet. In this motion, plaintiff moves specifically to compel answers to interrogatories that have been fully answered, and to compel answers to requests for admissions that Penn has admitted in full. The Court should guard against this kind of misuse of the discovery process. *See Katz*, 2002 WL 31356302, at *1.

WHEREFORE, the University respectfully requests that this court deny plaintiff's motion to compel discovery.

Respectfully submitted,

Date:   April 29, 2004

*Jonathan H. Pyle*

John M. Myers (Pa. Id. No. 16642)
Jonathan H. Pyle (Pa. Id. No. 89887)
Montgomery, McCracken, Walker &
   Rhoads, LLP
123 South Broad Street
Philadelphia, PA  19109
(215) 772-1500

Attorneys for Defendant
University of Pennsylvania

## CERTIFICATE OF SERVICE

I, Jonathan H. Pyle, do hereby certify that on the 29th day of April, 2004, I caused a true and correct copy of the foregoing Penn's Memorandum In Opposition To Plaintiff's Motion To Compel to be served via U.S. First Class Mail, postage prepaid, upon the following individual at the address indicated:

>Gordon Roy Parker
>4247 Locust Street, #806
>Philadelphia, PA  19104
>
>*Pro Se Plaintiff*

_____
Jonathan H. Pyle