IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GORDON ROY PARKER,<br><br>               Plaintiff,<br><br>v.<br><br>UNIVERSITY OF PENNSYLVANIA, a<br>Pennsylvania nonprofit corporation,<br><br>               Defendant. | CASE NO.: 02-cv-567 |

**PENN'S PRE-TRIAL MEMORANDUM
LISTING SIGNIFICANT LEGAL ISSUES,
ANTICIPATED WITNESSES AND PROPOSED EXHIBITS**

In anticipation of this matter commencing trial before the Honorable Anita B. Brody on June 14, 2004, Defendant The University of Pennsylvania ("Penn") files the following Pre-Trial Memorandum listing significant legal issues and Penn's Anticipated Witnesses and Exhibits.

## I.   NATURE OF ACTION AND DEFENDANTS' SUMMARY OF RELEVANT FACTS

Plaintiff alleges that Penn discriminated against him because he is a white male when it failed to hire him after he submitted his resume to Penn's web site without indicating his interest in any specific positions. He alleges both intentional discrimination and disparate impact discrimination. Plaintiff also claims that Penn retaliated against Plaintiff for filing a complaint against Penn with the Equal Opportunity Commission ("EEOC"). Plaintiff invokes jurisdiction based on 42 U.S.C. § 2000e-2 *et seq.*, 42 U.S.C. § 2000e-5, 28 U.S.C. §§ 1331, 1343, and 42 U.S.C. § 1981 *et seq.*

1. On July 16, 2001, Parker electronically submitted his resume to Penn's human resources database via the Internet. (Amend. Compl. ¶ 7; Exhibit 2 to Penn's Motion For Summary Judgment, Parker's Resume posted to the website).

2. He did not apply for, or express interest in, any open or available position. (Exhibit 3 to Penn's Motion For Summary Judgment,[1] Affidavit of Donna Showell-Brown ¶ 6). Parker has admitted this. (Exhibit 4 to Penn's Motion For Summary Judgment ¶¶ 28, 30, Exhibit 5 to Penn's Motion For Summary Judgment at 29 lines 12-15, 31 lines 6-12).[2]

3. Parker received an electronic confirmation after he submitted his resume, that in pertinent part stated:

> Thank you for submitting your resume to the University of Pennsylvania.
>
> If it is felt that a personal meeting would be appropriate, you will be contacted within the next thirty (30) days.
>
> Otherwise, this will be your only communication from us.
>
> Again, thank you for your interest in the University of Pennsylvania....

(Exhibit 6 to Penn's Motion For Summary Judgment,[3] Electronic Confirmation).

4. Penn's human resources homepage states that "recruiters search the resume database and forward your resumes to the Hiring Officers for *positions you have expressed interest in* if

---

[1] This Affidavit was previously attached as Exhibit C to Penn's Motion for Sanctions For Plaintiff's Refusal to Obey the April 1, 2003 Order.

[2] *See also* Plaintiff's Motion for Partial Summary Judgment (June 4, 2003, Docket #42) at p.2.

[3] This Electronic E-Mail Confirmation was previously attached as Exhibit C to Penn's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).

you meet the minimum qualifications. (Exhibit 7 to Penn's Motion For Summary Judgment,[4] Penn's Human Resources homepage (emphasis added)).

5. Penn's hiring system allows for the possible consideration of an applicant in two different ways: first, one may apply for a specific job, identified on the website; second, if no specific application is made, then the resume simply resides in Penn's database along with thousands of other resumes. (Exhibit 3 to Penn's Motion For Summary Judgment ¶ 7).

6. The database of resumes in which Parker's resume is found is searchable by Penn recruiters, using a "key word" type search, should the need arise. (*Id.* ¶ 10).

7. Given the large volume of qualified applicants applying for specific jobs, recruiters can, but rarely do, consider applicants who do not apply for a specific job posting. (*Id.* ¶ 8).

8. During the several months after Parker posted his resume, no position for which he self-identifies as being qualified was filled from applicants found using the database search capability. (*Id.* ¶ 11).

9. This is because qualified applicants were found among those individuals who actually applied for the specific jobs for which there were vacancies. (*Id.* ¶ 11).

10. There are so many resumes in Penn's database that the "key word" search method, for positions not requiring particularly unique skills or prerequisites, results in so many "matches" that this kind of search is not useful. (*Id.* ¶ 12).

11. To illustrate the point, Donna Showell-Brown, Manager of Recruitment and Staffing, ran several searches using various key words taken from Parker's resume. The chart below shows the results of her search:

| KEYWORD | NUMBER OF RESUMES |
|---|---|

---

[4] http://www.hr.upenn.edu/jobs/howtoapply.asp.

| KEYWORD | NUMBER OF RESUMES |
|---|---|
| Secretary administrative internet web development design | 1 [Mr. Parker's] |
| Secretary | 10,375 |
| Administrative | 49,144 |
| Internet | 27,607 |
| Web development | 2,101 |
| Web design | 2,578 |

(*Id.* ¶ 12).

12. It is not practical or necessary, nor is it the practice, for Penn recruiters to use the database for filling vacancies in this way. (*Id.* ¶ 13).

13. Each vacancy filled around the time of Parker's posting to Penn's website was filled from the pool of people who actually applied for a specific job. (*Id.* ¶ 14).

14. None of the vacancies around the time of Parker's posting to Penn's website was filled by an applicant who had not applied for the specific job. (*Id.* ¶ 11).

15. Parker was not interviewed for any Penn job prior to his filing of his EEOC complaint. (*Id.* ¶ 7; Amend. Compl. ¶ 7).

16. Parker did not self-identify, in his resume or in any other way, that he is a Caucasian man. (Exhibit 3 to Penn's Motion For Summary Judgment ¶ 16).

17. Parker's resume posting would have been treated no differently had he self-identified as a non-Caucasian or a female. (*Id.* ¶¶ 18, 19).

18. The Health System has no record of receiving a faxed resume from plaintiff on or around July 17, 2001. (Exhibit 8 to Penn's Motion For Summary Judgment, Declaration of Diane Hannah-Wilson ¶ 11).

19. In July 2001, the Health System's web-based job posting system was the primary method for applying for jobs with the Health System. (*Id.* ¶ 5)

20. No applicant who faxed a resume or application to the Health System would have been considered for employment unless his or her contact information and job category information had been entered into the Health System's computer database. (*Id.* ¶ 10).

21. The Health System's computer database contains no record of any job application from plaintiff between June 1, 2001, and August 31, 2001. (*Id.* ¶ 12-13). Diane Hannah-Wilson, who was the Director of Staffing at the Health System during this period, has no memory of receiving an application from plaintiff. (*Id.* ¶ 14).

22. Penn's hiring policy is to insure that, in each case, it hires the best candidate for the position, regardless of race, gender or actual or perceived disability. (Exhibit 3 ¶ 20). No hiring preference is given to women or minority candidates.

23. Penn is an Equal Opportunity Employer. As set forth on its Human Resources website:

> **An Equal Opportunity Employer**
> The University of Pennsylvania is an equal opportunity employer and does not discriminate on the basis of race, color, sex, sexual preference, age religion national or ethnic origin, disability or veteran status.

(Exhibit 7 to Penn's Motion For Summary Judgment).

24. Since Parker was not considered for any open position — because of his failure to apply — no consideration was or could have been given to his prior employment relation with Penn, which was in 1992-1993.

25. There is no evidence to suggest that any conduct or inaction on the part of Penn was an act of retaliation or intended as an act of retaliation.

## II. LIST OF DEFENDANT'S EXPECTED WITNESSES

Penn submits the following list of witnesses whom Penn expects to call to testify at trial in defense of Plaintiff's claims:

- 5 -

- **Donna Showell-Brown**
  Division of Human Resources
  University of Pennsylvania
  3401 Walnut Street, Suite 521A
  Philadelphia,, PA 19104-6228

Penn reserves the right to supplement its witness list, to call as a witness any witness identified on Plaintiff's witness list and reserve the right to call additional witnesses to rebut testimony and evidence presented in Plaintiff's case-in-chief.

### III.   DEFENDANT'S EXHIBITS

In addition to any exhibits listed by Plaintiff, Penn submits the following list of proposed exhibits, which will be individually marked and copies of which will be provided to Plaintiff and this Honorable Court prior to the scheduled trial.

- Plaintiff's Resume as submitted to Penn's human resources web site;
- Testimony by Plaintiff in *Parker v. Tilles*, No. 1068 (Phila. C.C.P. 2003);
- Affidavit of Donna Showell-Brown;
- Page from Penn's human resources web site showing confirmation of Plaintiff's resume submission;
- Page from Penn's human resources web site, http://www.hr.upenn.edu/jobs/howtoapply.asp;
- Post-complaint rejection letters;
- Cover letter and screen shot showing search for Plaintiff's name in the Health System's human resources database; and
- Affidavit of Diane Hannah-Wilson.

### IV.   STIPULATIONS

The parties have agreed to stipulate to the authenticity of various records and documents exchanged during this litigation.

V. **LENGTH OF TRIAL**

It is estimated that the trial will last 1 day.

Date:   May 14, 2004

Respectfully submitted,

_____
John M. Myers (Pa. Id. No. 16642)
Jonathan H. Pyle (Pa. Id. No. 89887)

MONTGOMERY, McCRACKEN,
　WALKER & RHOADS, LLP
123 South Broad Street
Philadelphia, PA  19109
Telephone No.:    (215) 772-1500
Facsimile No.:    (215) 772-7620

Attorneys for Defendant
UNIVERSITY OF PENNSYLVANIA

## CERTIFICATE OF SERVICE

I, Jonathan H. Pyle, do hereby certify that on the 14th day of May, 2004, I caused a true and correct copy of the foregoing The University Of Pennsylvania's Pre-Trial Memorandum to be served via U.S. First Class Mail, postage prepaid, upon the following individual at the address indicated:

>Gordon Roy Parker
>4247 Locust Street, #806
>Philadelphia, PA  19104
>
>*Pro Se Plaintiff*

_____
Jonathan H. Pyle