IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GORDON ROY PARKER, | : |
| Plaintiff, | : CASE NO.: 02-cv-567 |
| v. | : |
| UNIVERSITY OF PENNSYLVANIA, a Pennsylvania nonprofit corporation, | : |
| Defendant. | : |

**ORDER**

AND NOW this _____ day of _____, 2004, Plaintiff's Motion for Summary Judgment is DENIED, and he is ordered to file, within _____ days, a memorandum limited to 10 pages, consistent with the Order of November 3, 2003, addressing whether he has evidence that Penn's explanation of the fate of his resume is pretextual.

**BY THE COURT:**

_____
Honorable Anita B. Brody, J.

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GORDON ROY PARKER, | : | |
| | : | |
| Plaintiff, | : | CASE NO.: 02-cv-567 |
| | : | |
| v. | : | |
| | : | |
| UNIVERSITY OF PENNSYLVANIA, a | : | |
| Pennsylvania nonprofit corporation, | : | |
| | : | |
| Defendant. | : | |

## PENN'S PRELIMINARY OPPOSITION TO
## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Defendant, The University of Pennsylvania ("Penn"), hereby responds preliminarily to Plaintiff's Motion for Summary Judgment. Mr. Parker's Motion for Summary Judgment is a nearly irrational filing. Rather than abide by or recognize the effect of this Court's November order narrowing the open issues in this case, he instead has expanded them. Penn requests that the Court summarily deny Plaintiff's Motion and order him to file a memorandum limited to 10 pages, consistent with the Order of November 3, 2003, addressing whether he has evidence that Penn's explanation of the fate of his resume is pretextual.[1]

---

[1] Penn wishes to avoid the expense of having to address fully all of the extraneous issues in Plaintiff's Motion. If the Court elects not to summarily deny Mr. Parker's motion, Penn will file a more complete response.

This Court should therefore summarily deny his motion and order him to respond to the open issues from the November order, which are addressed in Penn's Motion for Summary Judgment.

Mr. Parker's Motion and accompanying papers constitute an admission that he has no evidence of retaliation or pretext. The filing offers little else. What is clear from Mr. Parker's Motion is:

1. He is getting angrier as time passes.

2. As a consequence, he fails to remain "on point" or even within the penumbra of relevance and coherence.

3. He remains very preoccupied with the internet sex conversations in which he is involved and which involve him, and with his internet reputation, but which have no relevance to the present case.

4. He has developed no new relevant facts.

This case has always concerned Penn's treatment of Mr. Parker's resume submitted to Penn's web site on July 16, 2001. It has been clear from the outset that, because he chose not to apply for any particular position, nothing happened with Mr. Parker's resume other than its electronic filing in a very large, undifferentiated database.

It has been established that no one at Penn took any action with respect to the resume, nor even became aware that it was in the database, until after the EEOC complaint was filed. This Court's direction in November was clear: Mr. Parker had to establish that Penn's explanation of its lack of any action was pretextual.

Mr. Parker has produced no such evidence. Instead of responding to, or staying within, the November order, he has filed a summary judgment motion *more* expansive than his earlier pleadings. Somehow, for instance, he believes that a supervisor's 1993 personal notes – not about him – are relevant.[2]

At bottom, his argument (which he has repeated several times) seems to be that his continued unemployment (or at any rate, nonpresence in the Penn workforce) has no rational explanation other than retaliation. This Court has correctly held that more is required: evidence. There is no evidence because Penn – its staff unaware that Mr. Parker's resume was in the database – did not retaliate. There is no basis offered from which one could conclude that this explanation is pretextual.

---

[2] Mr. Parker attached to his motion an 11 year old fax, addressed to Carol S. Grande, advertising a panel discussion on FDA policies. In his motion he quoted the following marginal note, handwritten on the document:
    1/2 hour snoring
    behavr: sat, not introduce self
    feelings: fear, lost, not know anyone
    embarrass...fat, ugly.
Pl.'s Mot. at 16. This document is also listed as Plaintiff's Trial Exhibit AI. Since Penn did not produce this document in discovery, it appears that Mr. Parker stole this document from Penn in 1993 when Ms. Grande was his supervisor. In addition to being illegal, this theft apparently contradicts Mr. Parker's recent claim that he has long maintained "an extremely high level of confidentiality for medical and legal clients." Plaintiff's Sur-Reply To Nonparty University Of Pennsylvania's Opposition To Plaintiff's Amended Motion To Enforce Subpoena Duces Tecum, *Parker v. Learn The Skills Corp.*, No. 03-6936 (E.D. Pa.) (Hon. James M. Kelly), at 11 (May 3, 2004).

## CONCLUSION

The Court's November order narrowed the scope of issues in this case, and the parties have fully litigated those issues. Penn should not have respond to all the issues Mr. Parker raises in his 34 pages of argument and more than two inches of exhibits that constitute his summary judgment filing. The Court should deny his motion and order him to address, in ten pages or less, the open issue in the litigation: whether the fate of his resume arose from Penn's retaliation, and/or whether Penn's explanation is pretextual.

Dated: May 21, 2004.    By: _____
John M. Myers (Pa. Id. No. 16642)
Jonathan H. Pyle (Pa. Id. No. 89887)

MONTGOMERY, McCRACKEN,
    WALKER & RHOADS, LLP
123 South Broad Street
Philadelphia, PA 19109
Telephone No.:    (215) 772-1500
Facsimile No.:    (215) 772-7620

Attorneys for Defendant
UNIVERSITY OF PENNSYLVANIA

## CERTIFICATE OF SERVICE

I, Jonathan H. Pyle, do hereby certify that on the 21st day of May, 2004, I caused a true and correct copy of the foregoing Penn's Preliminary Opposition To Plaintiff's Motion For Summary Judgment to be served by way of U.S. First Class Mail, postage prepaid, upon the following individual at the address indicated:

Gordon Roy Parker
4247 Locust Street, #807
Philadelphia, PA  19104

*Pro Se Plaintiff*


_____
Jonathan H. Pyle