IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GORDON ROY PARKER, | : | |
| | : | |
| Plaintiff, | : | CASE NO.: 02-cv-567 |
| | : | |
| v. | : | |
| | : | |
| UNIVERSITY OF PENNSYLVANIA, a | : | |
| Pennsylvania nonprofit corporation, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## **O R D E R**

**AND NOW**, this _____ day of _____, 2004, upon consideration of Plaintiff's Motion For Reimbursement of Costs and responses thereto, it is hereby

ORDERED that the Motion is DENIED.

BY THE COURT:

_____
Honorable Anita B. Brody, J.

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GORDON ROY PARKER, | : | |
| | : | |
| Plaintiff, | : | CASE NO.: 02-cv-567 |
| | : | |
| v. | : | |
| | : | |
| UNIVERSITY OF PENNSYLVANIA, a | : | |
| Pennsylvania nonprofit corporation, | : | |
| | : | |
| Defendant. | : | |

**THE UNIVERSITY OF PENNSYLVANIA'S RESPONSE
TO PLAINTIFF'S MOTION FOR REIMBURSEMENT OF COSTS**

Defendant, The University of Pennsylvania ("Penn"), hereby responds to Plaintiff's Motion For Reimbursement of Costs.

Mr. Parker would like this Court to order the Pro Se Writ Clerk to award him at least $1,500.00 for expert witness fees, copying, and postage from a private fund. Mr. Parker's Motion should be denied.

While the Public Interest Civil Litigation Fund (the "Fund") does in some circumstances reimburse up to $1,500 of expenses incurred by *attorneys* who take on pro bono cases for indigent plaintiffs, Plaintiff's "understanding" that these funds are disbursed to *pro se plaintiffs* by Court order through the Pro Se Writ Clerk is incorrect. The Fund, which is not a party to this litigation, cannot be ordered by the Court to reimburse Mr. Parker's expenses. If Mr. Parker believes that he stands in the shoes of a pro bono attorney and deserves compensation, his recourse is to apply for a reimbursement from the Fund,[1] not to ask for a Court order.

---

[1] Under the terms of the Fund's "Application for Expense Reimbursement," it appears that Parker does not qualify for at least two reasons: 1) he is not an attorney, and 2) he was not approved by the Court as in forma pauperis.

- 2 -

In any event, this Court would be ill-advised to reimburse Mr. Parker's costs.  Mr. Parker's penchant for litigation should not be so fueled.

                                    Respectfully submitted,

Date:   June 22, 2004        /s/ Jonathan H. Pyle
                                    John M. Myers (Pa. Id. No. 16642)
                                    Jonathan H. Pyle (Pa. Id. No. 89887)

                                    MONTGOMERY, McCRACKEN,
                                      WALKER & RHOADS, LLP
                                    123 South Broad Street
                                    Philadelphia, PA  19109
                                    Telephone No.:          (215) 772-1500
                                    Facsimile No.:           (215) 772-7620

                                    Attorneys for Defendant
                                    UNIVERSITY OF PENNSYLVANIA

## CERTIFICATE OF SERVICE

I, Jonathan H. Pyle, do hereby certify that on the 22nd day of June, 2004, I caused a true and correct copy of the foregoing The University Of Pennsylvania's Response To Plaintiff's Motion For Reimbursement Of Costs to be served via U.S. First Class Mail, postage prepaid, upon the following individual at the address indicated:

>Gordon Roy Parker
>4247 Locust Street, #806
>Philadelphia, PA  19104
>
>*Pro Se Plaintiff*

>/s/ Jonathan H. Pyle
>Jonathan H. Pyle