IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Gordon Roy Parker, | : | |
| Plaintiff | : | |
| v. | : | NO. 02-cv-567 |
| University of Pennsylvania, | : | |
| Defendant | : | |

# O R D E R

**AND NOW**, this          day of September 2004, plaintiff's motion for reconsideration and clarification of my Explanation and Order of August 16, 2002 (Docket #83) is **DENIED**.[1][2]

Plaintiff's motion for leave to amend his complaint (Docket #84) is **DENIED**.[3]  Plaintiff's

---

[1] Plaintiff contends that, among other reasons, I was bound to deny defendant's summary judgment motion because appointed counsel "would have changed the outcome of this case" and that plaintiff should have been reimbursed for his costs as appointed counsel would have been reimbursed. On February 27, 2002, I granted plaintiff's motion for appointment of counsel. However, on July 12, 2002, after the Clerk's Office represented that it had contacted seven attorneys and found none willing to accept appointment, I ordered that plaintiff find his own counsel or represent himself. Plaintiff cites no authority for his argument that a non-attorney bringing an unsuccessful case *pro se* should be awarded costs by the court, and I will not award him costs.

[2] Plaintiff requests clarification of the time period covered by this action and whether he is estopped from filing an equal protection claim based on defendant's affirmative action plan. Plaintiff apparently seeks an advisory opinion, which Article III does not authorize me to provide. See Mistretta v. United States, 488 U.S. 361, 385 (1989).

[3] Plaintiff now seeks to amend his complaint to allege an equal protection violation. This case was filed more than two and a half years ago, on February 4, 2002. Discovery is complete and I have dismissed this case at the summary judgment stage. Plaintiff's request would greatly expand the scope of this litigation, and is denied.

request for entry of judgment pursuant to Federal Rule of Civil Procedure 58(d) (Docket #85) is **GRANTED**.  Judgment has been set forth on a separate document as required by Rule 58(a)(1).

                                                                          _____
                                                                          ANITA B. BRODY, J.

Copies **FAXED** on _____ to:        Copies **MAILED** on _____ to: