IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **GORDON ROY PARKER** | : | CIVIL ACTION NO. 02-cv-567 |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| **UNIVERSITY OF PENNSYLVANIA** | : | |
| | : | |
| Defendant. | : | |
| | : | |

**PENN'S RESPONSE TO
PARKER'S 60(b) MOTION**

Once again, Mr. Parker refuses to face the issues actually presented by his case: his calculated decision to not apply for any position, and the complete absence any evidence of discrimination *against him*. Rather, he now wants to point to the asserted employment difficulties of others, which bear no relation to any of the issues related to the fate of his internet posting to Penn's website.

This Court granted summary judgment in Penn's favor because Mr. Parker was unable to offer evidence that Penn's reason for not hiring him, his failure to apply for any positions, was pretextual. Plaintiff now moves for relief from the final judgment in this case on two grounds: he claims to have "newly discovered evidence" consisting of the pleadings in *Vignali v. University of Pennsylvania*, a completely unrelated sexual harassment case, and he alleges "fraud" on the ground that Penn's statements in *Vignali* are allegedly inconsistent with its statements in this case. Rule 60(b) allows for relief from a final judgment in the case of "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)" or in the case of "fraud, . . . misrepresentation, or other misconduct

of an adverse party."  Newly discovered evidence is governed by the same standard under Rules 59 and 60.  *United States Fid. & Guar. Co. v. Lawrenson*, 334 F.2d 464, 465 n.2 (4th Cir. 1964).[1]

Mr. Parker's motion relies on the statement in the complaint in the *Vignali* case that "Mr. Sedehi created the position of Assistant Vice Dean for Finance and Administration specifically for Plaintiff," Pl.'s Mot. ¶ 6, and on the statement in Penn's answer in the *Vignali* case that "Mr. Sedehi created the position to fill a need he identified within his office.  At the time he created the position, he was familiar with plaintiff and her job search and thought she would be an appropriate candidate for the position."  *Id.* ¶ 9.  As Mr. Parker correctly noted, Penn also stated in its answer that plaintiff obtained the position through the formal channels of obtaining employment at Penn, including submitting an application for the specific position.  *Id.* ¶ 14.

Mr. Parker argues that this evidence "shows that there are indeed other means than those outlined" in the Showell-Brown affidavit "for an individual to be 'considered for employment' at Penn."  Pl.'s Mot. at 5.  He does not have direct evidence that the Showell-Brown affidavit is false.  He does not deny, for instance, that Ms. Vignali applied specifically for the position she received, following the formal job application process Ms. Showell-Brown described.  He does not claim that Ms. Vignali won her position after merely posting her resume on Penn's web site without applying for a specific position, as Mr. Parker did.  Instead, he "avers" that Ms. Vignali received special treatment, and argues that he should have received special treatment when he posted his resume on Penn's web site without applying for any positions.

On the basis of this new evidence, Mr. Parker also alleges that the Showell-Brown affidavit "was at best misleading, and at worst, an intentional fraud upon this Court," Pl.'s Mot. ¶ 6, and that "Defendant's proffered reason for the adverse employment decision was fraudulent,"

---

[1] Rule 60(b) does not "mandate[] that all facts be viewed in the light most favorable to the Plaintiff."  Pl.'s Mem. at 5.  On the contrary, Mr. Parker must show that the evidence is likely to change the outcome of the case.  *United*

Pl.'s Mem. at 6.  Mr. Parker appears to use the word "fraudulent" as a symonym for "pretextual," transforming his disagreement with Ms. Showell-Brown into an allegation of fraud.  He also suggests that Penn withheld discovery of facts such as the *Vignali* pleadings, and that he should have "been able to depose Ms. Vignali and others with relevant knowledge."  Pl.'s Mem. at 6.

Mr. Parker's motion should be denied.  The Third Circuit views "Rule 60(b) motions as 'extraordinary relief which should be granted only where extraordinary justifying circumstances are present.'"  *Bohus v. Beloff*, 950 F.2d 919, 930 (3d. Cir. 1991) (citation omitted); *see also Markovich v. Bell Helicopter Textron, Inc.*, 805 F. Supp. 1231 (E.D. Pa. 1992).  In order to succeed on a 60(b) motion on the basis of newly discovered evidence, Mr. Parker must bring forward evidence that is "material and not merely cumulative or impeaching."  *Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1535 (8th Cir. 1996); *see also Mesarosh v. United States*, 352 U.S. 1, 9 (1956).  Furthermore, the evidence must have been in existence at the time the record was open and discovered after final judgment despite due diligence on the part of the movant.  *United States v. McGaughey*, 977 F.2d 1067, 1065 (7th Cir. 1992).  Finally, the new evidence must be likely to change the outcome.  *Id.  See also Giordano v. McCartney*, 385 F.2d 154, 155 (3d Cir. 1967).

The evidence Mr. Parker is offering is not material.  It consists of the complaint and answer in a sexual harassment case that has nothing whatsoever to do with the facts of this case.  Mr. Parker failed even to attach the documents to his Motion, apparently out of fear that the evidence on its face is not as material as he claims it is.  By his own admission, the evidence does not show that the affidavit of Ms. Showell-Brown is incorrect.

Even if the evidence were material, which it is not, it would be cumulative.  In opposition to Penn's motion for summary judgment, Mr. Parker contended that the Showell-Brown affidavit

---

*States. v. McGaughey*, 977 F.2d 1067, 1075 (7th Cir. 1992).

was false because he himself obtained a job at Penn informally as a result of having a friend in the human resources department.  He offers the *Vignali* pleadings for precisely the same point.

Even if the evidence were material and not cumulative, which it is not, it would be merely impeaching.  He offers the evidence in order to intimate that Ms. Showell-Brown did not tell the whole truth in her affidavit.

Furthermore, Parker's evidence did not exist before summary judgment was granted.  This case was dismissed by an order entered on August 17, 2004.  Penn's answer in the *Vignali* case was filed on September 3, 2004.  Only the *Vignali* complaint, which was filed on July 1, 2004, existed at the time.

Mr. Parker has not shown that his new evidence is likely to change the outcome of the case.  At most, he alleges that he could have uncovered additional evidence through discovery that would "cause [Penn's] entire defense to crumble."  Pl.'s Mot. ¶¶ 23, 25.  Such speculation does not amount to a showing of likelihood of changing the outcome of the case.

Finally, Mr. Parker's claims of fraud are unfounded.  The *Vignali* pleadings are consistent with the Showell-Brown affidavit; they do not even help his case, let alone demonstrate a fraud upon the court.  *See Girard Trust Bank v. Martin*, 557 F.2d 386, 390 (3d Cir 1977) (dismissing petition to open judgment where "allegations of fraud are at once overly general, obscure, and conclusory").

There are no "extraordinary justifying circumstances" here.  *Bohus*, 950 F.2d at 930.  Mr.

- 5 -

Parker is merely trying to relitigate the case.  His 60(b) motion should be denied.


Date:  December 6, 2004             /s/ Jonathan H. Pyle
                                                  John M. Myers (Pa. Id. No. 16642)
                                                  Jonathan H. Pyle (Pa. Id. No. 89887)

                                                  MONTGOMERY, McCRACKEN,
                                                    WALKER & RHOADS, LLP
                                                  123 South Broad Street
                                                  Philadelphia, PA  19109
                                                  Telephone No.:   (215) 772-1500
                                                  Facsimile No.:    (215) 772-7620

                                                  Attorneys for Defendant
                                                 UNIVERSITY OF PENNSYLVANIA

## **CERTIFICATE OF SERVICE**

      I, Jonathan H. Pyle, do hereby certify that on the 6th day of December, 2004, I caused a true and correct copy of the foregoing The University of Pennsylvania's Response to Parker's 60(b) Motion to be served by way of U.S. First Class Mail, postage prepaid, upon the following individual at the address indicated:

      Gordon Roy Parker
      4247 Locust Street, #807
      Philadelphia, PA  19104

      *Pro Se Plaintiff*


      /s/ Jonathan H. Pyle
      Jonathan H. Pyle