IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GORDON ROY PARKER, | : | |
| | : | CIVIL ACTION NO. 02-cv-567 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| UNIVERSITY OF PENNSYLVANIA, | : | |
| et al., | : | |
| | : | |
| Defendants. | : | |

**O R D E R**

**AND NOW**, this _____ day of _____, 2006, upon consideration of Penn's Response In Opposition to Plaintiff's Motion for Relief from Civil Judgment Pursuant to Rule 60(b)(6), it is hereby ORDERED that said Motion for Relief is DENIED.

BY THE COURT:

_____
Anita B. Brody, J.

2094686v1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GORDON ROY PARKER, | : | |
| | : | CIVIL ACTION NO. 02-cv-567 |
| Plaintiff, | : | |
| v. | : | |
| UNIVERSITY OF PENNSYLVANIA, et al., | : | |
| Defendants. | : | |

**PENN'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION
FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60 (b)(6)**

Gordon Parker has asserted no new basis to reopen this closed case. In support of the present Motion, Parker relies solely on <u>Burlington Northern and Santa Fe Railway Co. v. White</u>, 2006 U.S. LEXIS 4895 (2006). Parker claims that <u>Burlington</u> should be applied retroactively and, if it were, he is entitled to reversal of the summary judgment entered against him.

First, it is well-settled that a Supreme Court decision cannot be applied retroactively to closed cases. <u>See</u> <u>United States v. Sullivan</u>, U.S. Dist. LEXIS 23988, *17 (E.D. of Pa. December 12, 2002)("when the Supreme Court applies a rule of federal law to the parties before it, that rule is the controlling application of federal law and must be given full retroactive effect in all cases <u>open</u> on direct review"(quoting <u>Harper v. Va. Dept. of Taxation</u>, 509 U.S. 86, 97 (1993))) (emphasis added). Parker's case was dismissed by this Court in September 2004. He exhausted his appeals, including a writ certiorari to the Supreme Court, which also was denied in November 2005. The case is closed and thus, could not be re-opened because of <u>Burlington</u>.

2094686v1

Second, <u>Burlington</u> would provide Parker no relief.  There, the Supreme Court held, in essence, that an adverse employment action (i.e. retaliation) is not confined to employment or the workplace.  <u>Id.</u> at *26.  In reaching the decision to grant Penn summary judgment, this Court considered all of Parker's alleged retaliatory motives and, in fact, found that Parker had met the *prima facie* threshold.  Parker, however, failed to prove pretext – an issue not before the Supreme Court in <u>Burlington</u>.  <u>See</u>, August 13, 2004 Explanation and Order, pp. 6-7, attached as Exhibit "A."

Nothing in <u>Burlington</u> changes the decision reached by this Court, and Parker never offered any evidence that his failure to be hired was based on factors other than his failure to apply for a job.

For the above reasons, Parker's Motion for Relief must be denied.

Respectfully submitted,

Dated:  July 19, 2006
/s/Dennis G. Young, Jr.
John M. Myers, Esquire (Pa. Id. No. 16642)
Dennis G. Young, Jr., Esquire (Pa. Id. No. 89682)
MONTGOMERY, McCRACKEN,
 WALKER & RHOADS, LLP
123 S. Broad Street
Philadelphia, PA  19109
(215) 772-1500

*Attorneys for Defendant*
*University of Pennsylvania*

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing Penn's Response In Opposition to Plaintiff's Motion for Relief by electronic filing, e-mail and/or first class mail, postage prepaid, upon the following:

>Gordon Roy Parker
>4247 Locust Street, #806
>Philadelphia, PA  19104
>*Pro Se Plaintiff*

Dated:  July 19, 2006                             /s/Dennis G. Young, Jr.
                                                            Dennis G. Young, Jr.

2094686v1