IN THE UNITED STATES COURT
FOR THE EASTERN DISTRICT OF PENNSYVLANIA

| GORDON ROY PARKER,          :       |                         |
|-------------------------------------|-------------------------|
|     Plaintiff,  :|                         |
| v.                           :      |                         |
| UNIVERSITY OF PENNSYLVANIA,  :      | Case No: 02-cv-567-AB   |
|     Defendant :  |                         |

## ORDER

AND NOW, this ___ day of _____, 2019, upon Motion of the Plaintiff, and all responses, replies, and rebuttals thereto, it is hereby ORDERED that:

    1.    All dismissals in this case are vacated, with all counts of the Complaint restored, and with Plaintiff given leave to Amend the complaint to include counts under the Rehabilitation Act of 1973.

    2.    Defendant is to immediately pay to Plaintiff the sum of TWENTY-EIGHT THOUSAND DOLLARS ($28,000.00), $1,000.00 to return his sanction, and $27,000.00 in sanctions to restore his financial condition to where it would have been absent the fraud.

    3.    This case is sealed until further notice.

So ordered.

_____
J.

IN THE UNITED STATES COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| GORDON ROY PARKER, Plaintiff, v. UNIVERSITY OF PENNSYLVANIA, Defendant | : : : : : : : : : : | Case No: 02-cv-567-AB |
|---|---|---|

## PLAINTIFF'S MOTION TO SET ASIDE ORDERS AND TO SEAL THIS CASE

Gordon Roy Parker, Plaintiff in the above-styled action, moves this court, pursuant to Federal Rule 60(b)(3), to set aside the dismissal of this case, and the Rule 35 order and sanction.

## THE SORDID HISTORY

1. Defendant, like a certain celebrity preacher, has sinned:





2. Unlike the preacher, when Plaintiff asked nicely, while seeking concurrence pursuant to Local Rule 7.1(b), Defendant failed to repent, casting upon itself the wrath of this Motion.

3. It's not nice to fool Mother Nature:



1

4.  It is also not nice to lie to a federal judge.

5.  At the time the Defendant, in between claiming that Plaintiff was seeking employment via *judicial fiat*, haled Plaintiff into this courtroom, called him *unemployable*, and moved for a *psychiatric examination* (medical as well as psychological), to determine Plaintiff's employability, granted by ex-UPenn law professor Anita Brody, who herself, without explanation, claimed Plaintiff's employability had "always been in question." The court granted the motion, though it did refuse subsequent motions in this and another case.

6.  Known to Defendant, but not to this Court, at the time the Rule 35 exam was granted was that Defendant was taking an active role in Plaintiff's lack of permanent employment, by enforcing a "blacklist" against any area business employing Plaintiff, i.e., by delisting the employer from all approved vendor lists, and anything else designed to drive student traffic to the business. In turn, the businesses threatened any worker willing to testify to this.

7.  Plaintiff would have brought the foregoing to the attention of this Court, but his witnesses were (and still are) being threatened with the loss of their livelihoods.

8.  For what it's worth, the Social Security Administration determined that Plaintiff became disabled in *2011*, not 2003, and has offered Plaintiff participation in its *Ticket To Work* program, secondary to the Rehabilitation Act of 1973, which generally precludes the outcome of this case, even absent the fraud upon the court, but for which Plaintiff would not be on SSDI.

9.  The intimidation of Plaintiff's witnesses impacted *all* counts in this Complaint. The

**PRAYER FOR RELIEF**

Plaintiff seeks the following relief:

1.  Vacation of all judgments in this action.

2. Vacation of the Rule 35 Order compelling the Independent Medical Examination

3. The return of Plaintiff's $1,000 sanction, paid to Defendant, plus any prejudgment interest.

4. Sanctions against Defendant for its fraud upon the court, as outlined above, in an amount sufficient to clear Plaintiff from the debt spiral caused by the original $1,000.00 payment, approximately $27,000.00, and for other consequential damages.

5. An order that any hearing related to this motion be closed or in-camera, and that the case be sealed should Defendant continue to refuse to repent, forcing the disclosure of highly sensitive evidence which could harm the lives of innocent whistleblowers.

This the 28th day of June, 2015.

*[signature]*

Gordon Roy Parker, Pro Se
4247 Locust Street, #119
Philadelphia, PA 19104
(267) 298-1257
SnodgrassPublish@aol.com
**PLAINTIFF**

# IN THE UNITED STATES COURT
# FOR THE EASTERN DISTRICT OF PENNSYVLANIA

| | |
|---|---|
| **GORDON ROY PARKER,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | |
| : | |
| **UNIVERSITY OF PENNSYLVANIA,** : | Case No: 02-cv-567-AB |
| : | |
| **Defendant** : | |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO VACATE ORDERS

Gordon Roy Parker, Plaintiff in the above-styled action, moves this court, pursuant to Federal Rule 60(b)(3), to set aside the dismissal of this case, and the Rule 35 order and sanction.

FILED
JUN 29 2015
MICHAELE. KUNZ, Clerk
By____ Dep. Clerk

## I. BACKGROUND

As of now, Plaintiff fully expects Defendant not to contest the facts set forth in the instant motion, which should cause it to be granted, and relief given to Plaintiff. There is not yet a need for greater specificity. The facts, which Plaintiff shall supply in excruciating detail should Defendant not repent, speak for themselves: completely innocent workers have their livelihoods threatened, and endured physical harassment and threats by those enforcing Defendant's *blacklist* against Plaintiff, all in the name of sustaining their fraud upon this court, reliant on Plaintiff not finding employment *anywhere*.

Defendant stood in this Court more than a decade ago, declaring Plaintiff "unemployable," and moving for a *three-hour psychiatric examination,* six times longer than the Mental Status Evaluation (nonmedical) given to SSDI recipients, under Rule 35, to determine Plaintiff's "employability." The motion was in reaction to Plaintiff withdrawing his claims for "emotional

4

distress," as a pretext for sustaining the exam, an exam denied on later motion when attempted as a defense against the gender, race, and retaliation claims.

As set forth in this motion, Defendant was literally **lying through its teeth**, knowing not only that Plaintiff was employable, but actively **threatening** anyone who would bear witness for Plaintiff.

## II-III. LEGAL STANDARD AND ARGUMENT

### A. FRAUD UPON THE COURT

"So shall be erased from the record, as though never existant, all fruit borne of the poisoned tree of fraud."

### B. STATUTE OF LIMITATIONS

"He who threatens thy adversary's witnesses hath unclean hands; tolled."

### C. SEALING

"Sometimes, what happens in a sealed courtroom needs to stay sealed."

## IV. CONCLUSION

For the reasons set forth hereinabove, this Court should:

1. Undo the Rule 35 order and all fruit from that putrid, poisoned tree of fraud.

2. Return Plaintiff his $1,000 fine.

3. Sanction Defendant to restore Plaintiff to his deadbeat-free financial state prior to the sanction.

4. Seal this case.

This the 29th day of June, 2015.

*[signature]*

Gordon Roy Parker, Pro Se
4247 Locust Street, #119
Philadelphia, PA 19104
(267) 298-1257
SnodgrassPublish@aol.com
**PLAINTIFF**

## IN THE UNITED STATES COURT
## FOR THE EASTERN DISTRICT OF PENNSYVLANIA

| | |
|---|---|
| **GORDON ROY PARKER,** : <br> : <br> **Plaintiff,** : <br> : <br> v. : <br> : <br> **UNIVERSITY OF PENNSYLVANIA,** : <br> : <br> **Defendant** : | Case No: 02-cv-567-AB |

### CERTIFICATE OF SERVICE

I, Gordon Roy Parker, **Plaintiff** in the above-styled action, hereby attest and certify that I have served a true and correct copy of the foregoing **Plaintiff's Motion To Set Aside Orders And To Seal This Case**, by regular mail and/or hand delivery, on the following:

John M. Myers
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109
(215) 772-7535
Attorney For Defendant

This the 29th day of June, 2015.

FILED
JUN 29 2015
MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

Gordon Roy Parker, Pro Se
4247 Locust Street, #119
Philadelphia, PA 19104
(267) 298-1257
SnodgrassPublish@aol.com
**PLAINTIFF**

8