## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GORDON ROY PARKER** | **:** | |
| **Plaintiff,** | **:** | |
| | **:** | |
| **vs.** | **:** | |
| | **:** | |
| **UNIVERSITY OF PENNSYLVANIA** | **:** | **Case No. 02-cv-567-AB** |
| | **:** | |
| **Defendant.** | **:** | |
| | **:** | |

## DEFENDANT UNIVERSITY OF PENNSYLVANIA'S RESPONSE IN OPPOSITION TO PLAINTIFF'S RULE 60(b)(3) MOTION

Defendant University of Pennsylvania ("Penn"), hereby responds to Plaintiff's Motion to Set Aside Orders and to Seal this Case.

## PROCEDURAL HISTORY

Plaintiff's motion—his third—concerns a thirteen year-old action alleging claims of race and gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5 *et seq*. (West 2003), as well as a claim of disability discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. (West 1995).  The action was dismissed on August 16, 2004.  Plaintiff's subsequent motion for reconsideration was denied on September 10, 2004 and his first Rule 60(b) motion was denied on November 15, 2004.  The Third Circuit affirmed on July 7, 2005.  Plaintiff then filed a second Rule 60(b) motion, which was denied on February 1, 2007.  Plaintiff again appealed to the Third Circuit and that appeal was dismissed on October 3, 2007.

## ARGUMENT

The motion should be denied—it is frivolous, a jumbled attempt to revive a litigation that has long been put to rest.  Nearly ten years after his *certiorari* petition was denied, Plaintiff requests that this Court set aside its dismissal (and presumably, the Third Circuit's affirmation).

The standard for relief under Rule 60(b) is quite high.  Courts treat Rule 60(b) motions as requests for "extraordinary relief which should be granted only where extraordinary justifying circumstances are present."  *Bohus v. Beloff*, 950 F.2d 919, 930 (3d. Cir. 1991) (citation omitted); *see also Markovich v. Bell Helicopter Textron, Inc.*, 805 F. Supp. 1231 (E.D. Pa. 1992).  Plaintiff does not assert any new grounds or allegations that remotely suggest fraud on the court, misrepresentation, or misconduct as required by Fed. R. Civ. P. 60(b)(3).  Rather, he haphazardly and confusingly alleges unfounded accusations directed at Penn regarding a supposed employer "blacklist."  It is the barest of unsupported allegation with no pretense of recent discovery or other reason for the decade-long delay.

The underlying case was decided, however, not on mere allegations, but on affidavits, motions, and other evidence, none of which Plaintiff specifically challenges.  This is yet another attempt to keep alive claims Plaintiff never had evidence to support.  Plainly, there are no extraordinary circumstances here.  For that reason alone, Plaintiff's motion should be denied.

Moreover, the motion comes ten years too late.  Courts have routinely held that Rule 60(b)(3) motions must be filed within one year—not ten—after judgment is entered.  *See, e.g.*, *GLeS Inc. v. MK Real Estate Developer & Trade Co.*, 530 F. Appx. 153, 154 (3d Cir. 2013).  For that reason, Plaintiff's motion should be denied.

## CONCLUSION

For the reasons set forth above, this Court should deny Plaintiff's motion.

Dated:  July 9, 2015　　　　　　By:　　/s/ John M. Myers　　　　　　　　　　　
　　　　　　　　　　　　　　　　　John M. Myers (PA ID. No.16642)
　　　　　　　　　　　　　　　　　Johnathan S. Perkins (PA ID. No. 313321)

　　　　　　　　　　　　　　　　　MONTGOMERY, McCRACKEN, WALKER
　　　　　　　　　　　　　　　　　　& RHOADS, LLP
　　　　　　　　　　　　　　　　　123 South Broad Street
　　　　　　　　　　　　　　　　　Philadelphia, PA  19109
　　　　　　　　　　　　　　　　　Telephone No.: (215) 772-1500
　　　　　　　　　　　　　　　　　Facsimile No.: (215) 772-7620

　　　　　　　　　　　　　　　　　Attorneys for Defendant,
　　　　　　　　　　　　　　　　　University of Pennsylvania

## <u>CERTIFICATE OF SERVICE</u>

I, John M. Myers, do hereby certify that on the 9th day of July, 2015, I caused a true and correct copy of the foregoing The University of Pennsylvania's Response to Parker's 60(b) Motion to be served by way of U.S. First Class Mail, postage prepaid, upon the following individual at the address indicated:

>
> Gordon Roy Parker
> 4247 Locust Street, #119
> Philadelphia, PA  19104
>
> *Pro Se Plaintiff*

>
> /s/ John M. Myers
> John M. Myers (PA ID. No. 16642)
> Johnathan S. Perkins (PA ID. No. 313321)