## IN THE UNITED STATES COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GORDON ROY PARKER,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | FILED |
| | : | |
| **UNIVERSITY OF PENNSYLVANIA,** | : | Case No: 02-cv-567-AB   JUL 13 2015 |
| | : | |
| **Defendant** | : | MICHAEL E. KUNZ, Clerk<br>By _____ Dep. Clerk |

## PLAINTIFF'S REPLY BRIEF TO DEFENDANT'S OPPOSITION TO
## MOTION TO SET ASIDE ORDERS AND TO SEAL THIS CASE

Gordon Roy Parker, Plaintiff in the above-styled action, moves this court, pursuant to

Federal Rule 60(b)(3), to set aside the dismissal of this case, and the Rule 35 order and sanction.

### I. BACKGROUND

Defendant did not deny a *single* averment in the motion, for good reason: Defendant is

*guilty as sin*, having:

1. Attempted to capitalize on internet stereotyping and defamation of Plaintiff to

construct the argument that his bipolar condition alone makes him "unemployable."

2. Simultaneously, and privately, threatening area businesses with blacklisting,

delisting, and adverse economic actions, in the event they were to hire Plaintiff.

3. Attached as Exhibit A, and incorporated by reference as if fully stated verbatim

herein, is the affidavit of *Mr. Doe*, attesting to the truth of Plaintiff's averments in the motion.

Attached as Exhibit B is Plaintiff's affidavit that *Mr. Doe* is who he says he is.

4. While *Mr. Doe* will step forward if he must, he would rather not, and would prefer to do so at a live, closed hearing with a sealed record, or in-camera. Revealing his identity may very well cost him his job, absent a retraction of Defendant's threat.

5. Defendant's tone, and absence of any overtures to Plaintiff, despite massive changes in the Rehabilitation Act of 1973, give rise to yet *another* cause of action by Plaintiff. Defendant's cries of frivolity (see the gross error by an attorney in Parker v. Kelly Services, Inc., 15-cv-3337, where Kelly's attorney claimed the Rehabilitation Act didn't even apply to them) are belied by its own conduct. By declaring Plaintiff -- a whistleblower, no less -- *unemployable*, what did they think was going to happen? All they have accomplished, beyond defrauding the federal government, is to send Plaintiff into the strongest of all protected classes, where hiring him is in the greatest public interest. Defendant's has literally tens of thousands of jobs, any *one* of which would lift Plaintiff off of the dole he never should have been on in the first place, his *Whisability*.

6. The reason for the "decade delay" is simple: *Mr. Doe* and other witnesses were and are being intimidated and threatened by Defendant. *Mr. Doe* has bravely stepped forward to do the right thing, after years of being threatened.

## II. LEGAL STANDARD

### A. TRANSACTIONAL WAIVER

Federal Rule 8(b)(6) states:

> *Effect of Failing to Deny*. An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied or avoided.

The remaining legal issues were briefed in Plaintiff's existing Memorandum in support of the instant motion.

### III.   ARGUMENT

#### A.   PLAINTIFF'S AVERMENTS WERE ADMITTED BY WAIVER.

Defendant's narrative answer, absent denials and unsupported by affidavits (because they'd be committing *perjury*) , contains no denials of Plaintiff's averments, all of which are now deemed admitted.

#### B.   PLAINTIFF'S MOTION IS NOW SUPPORTED BY AFFIDAVITS AND EVIDENCE

In its motion, Defendant continues to soil its hands by coercing *Mr. Doe* -- a *felony* and predicate RICO act -- and other witnesses of Plaintiff, as it argues that Plaintiff's new evidence is unsupported by affidavits. (Response, p.1).

Defendant is mistaken.  The evidence exists, and will be brought forward if necessary. The original motion offered Defendant a chance to realize the error of its ways, and correct them.  Until Defendant filed its response -- which *shocked* Plaintiff when he learned that Defendant had not in fact repented -- it became necessary to submit *Mr. Doe's* affidavit.

#### C.   JUDICIAL ECONOMY DEMANDS REOPENING THIS CASE

The affirmative-action requirements of Section 503 of the Rehabilitation Act of 1973 are so far-reaching, that, to deny Plaintiff the benefit of this affirmative action based on his disability, Defendant would have to *prove* Plaintiff to in fact be unemployable within the entire federal government and its contractor class, lest it run afoul of the Fourteenth Amendment.  If this case is not reopened, Plaintiff will refile.

## IV. **CONCLUSION**

For the reasons set forth hereinabove, the instant motion should be ***granted***, and

this motion should be listed for closed or in-camera hearing, to protect the identity of ***Mr. Doe***,

himself now a federal witness deserving of all the protection which can be afforded him.

This the 13th day of July, 2015.

Gordon Roy Parker, Pro Se
4247 Locust Street, #119
Philadelphia, PA 19104
(267) 298-1257
SnodgrassPublish@aol.com
**PLAINTIFF**

Exhibit A

**AFFIDAVIT OF JOHN DOE**

I, John Doe, an adult male resident of the Commonwealth of Pennsylvania, hereby attest, under penalty of perjury, that the following is true and correct, to the best of my knowledge:

1.    I am a manager for an area employer who routinely hires people for a job for which Gordon Roy Parker is qualified.  Prior to this, I was the assistant manager.

2.    Part of my responsibilities as assistant manager was to schedule workers for shifts.

3.    Since at least a few years before 2003, my manager (*Ms. Doe*) informed me that under no circumstances was I to schedule Gordon Roy Parker to work for this employer, because if I did, the University of Pennsylvania would blacklist and delist the employer's business from its vendor listing.

4.    As manager, I was subsequently instructed not to hire Gordon Roy Parker for the same reason, and that if I did hire Gordon Roy Parker, I would immediately be terminated.

5.    I am completing this affidavit as a John Doe and signing it with an X because I am terrified that I will lose my job if I am forced to disclose my name.  I have not previously revealed what I know due to the same fear.

X
_____

John Doe

7/13/'15
_____

Date

*Exhibit B*

## AFFIDAVIT OF GORDON ROY PARKER

I, John Doe, hereby attest, under penalty of perjury, that the following is true and correct, to the best of my knowledge, that the John Doe (*"Mr. Doe"*) referenced in his affidavit is a real human being, whose identity is known to me, and who is exactly what he says he is.

*Gordon Roy Parker*                  07/13/15

Gordon Roy Parker                     Date

**IN THE UNITED STATES COURT**
**FOR THE EASTERN DISTRICT OF PENNSYVLANIA**

| | | |
|---|---|---|
| **GORDON ROY PARKER,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | |
| **UNIVERSITY OF PENNSYLVANIA,** | : | Case No:  02-cv-567-AB |
| | : | |
| **Defendant** | : | |

**ORDER**

AND NOW, this ___ day of August, 2015, in consideration of Plaintiff's Motion To Set Aside Orders

And Seal This Case, and all responsive papers thereto, the motion is **granted**.

An Opinion Memorandum is attached.

_____
J.

IN THE UNITED STATES COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GORDON ROY PARKER,** : | | |
| : | | |
| **Plaintiff,** : | | FILED |
| : | | |
| v. : | | JUL 1 3 2015 |
| : | | |
| **UNIVERSITY OF PENNSYLVANIA,** : | Case No:  02-cv-567-AB | MICHAEL E. KUNZ, Clerk |
| : | | By_____Dep. Clerk |
| **Defendant** : | | |

### CERTIFICATE OF SERVICE

I, Gordon Roy Parker, Plaintiff in the above-styled action, hereby certify that I have served a true

and correct copy of **Plaintiff's Reply Brief** on Defense Counsel by **hand delivery**, at the following

address:

> Jonathan Perkins, Esq.
> Montgomery, McCracken, Walker & Rhoads
> 123 South Broad Street, 27th Floor
> Philadelphia, PA  19109

This the 13th day of July, 2015.

Gordon Roy Parker, Pro Se
4247 Locust Street, #119
Philadelphia, PA 19104
(267) 298-1257
SnodgrassPublish@aol.com
**PLAINTIFF**